21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary James GAGAN, Petitioner-Appellant,
v.
Frank GUNTER; Gale A. Norton, Attorney General of the State
of Colorado, Respondents-Appellees.
 No. 93-1253.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This pro se appeal is from an order of the district court dismissing without prejudice petitioner Gagan's petition for writ of habeas corpus under 28 U.S.C. 2254. Petitioner appeals on the grounds that the district court erred in holding that petitioner's constitutional right to counsel and to a speedy trial were not violated under the circumstances of this case. We affirm.
 
 
 3
 Petitioner was charged with three counts of theft, two counts of criminal attempt to commit theft, and three counts of criminal impersonation on March 4, 1986. He was arrested on May 7, 1986, and first appeared before a court on May 8, 1986. After many delays, most of which were attributable to petitioner, the trial finally began on February 16, 1988. The numerous delays in this case are detailed in the Report of the Magistrate Judge and include such things as psychiatric examinations, concerns about competency, and repeated problems related to petitioner's wish to proceed pro se. Although the delay in this case was certainly unfortunate, we agree with the magistrate judge that much of it is traceable to petitioner's own actions and therefore does not violate his right to a speedy trial.
 
 
 4
 Petitioner also alleges that his Sixth Amendment right to counsel was violated because the court allowed petitioner to proceed pro se at the trial and ultimately to proceed without petitioner's presence at trial. The record in this case is clear that the trial judge made thorough inquiry of petitioner before petitioner was allowed to proceed pro se. After ample questioning, the defendant continued to insist upon representing himself. Under these circumstances, the petitioner's constitutional right to counsel was clearly waived and the trial court did not err in allowing petitioner to proceed pro se.
 
 
 5
 Finally, petitioner alleges that the trial court erred in failing to appoint standby counsel after the petitioner decided not to attend the trial. The practice of appointing standby counsel is normally invoked when a defendant has declared his desire to proceed pro se but is still in the courtroom. In this case, we agree with the magistrate judge that where the petitioner has very clearly expressed his wish to proceed pro se, the appointment of stand by counsel would have been directly contrary to the expressed wishes of the petitioner. We therefore affirm the dismissal of the writ of habeas corpus for substantially the reasons given by the magistrate judge and adopted by the district court.
 
 
 6
 We GRANT in forma pauperis status, GRANT the certificate of probable cause and AFFIRM the dismissal by the district court for substantially the reasons stated by the magistrate judge and adopted by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470