**Cary James GAGAN, Plaintiff–Appellant,**

v.

**Gale NORTON, in her individual capacity as Attorney General for the State of Colorado; Wendy Ritz, in her individual capacity as Assistant Attorney General for the State of Colorado, Defendants–Appellees.**

No. 94–1132.

United States Court of Appeals, Tenth Circuit.

Sept. 16, 1994.

Submitted on the briefs: *

Cary James Gagan, pro se.

David R. Brougham and LaDonne Bush of Hall & Evans, L.L.C., Denver, CO, for defendants-appellees.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

■ Mr. Gagan, a pro se litigant, appeals the decision of the district court dismissing his 42 U.S.C. § 1983 complaint against the defendants, who are the Attorney General and an Assistant Attorney General of the State of Colorado, on the grounds that the defendants were entitled to absolute immunity for their actions in allegedly[1] countermanding the order of a Colorado state court. We affirm with respect to the Attorney General, albeit for different reasons than those given by the district court, but we reverse and remand as to the Assistant Attorney General.

## BACKGROUND

In 1988, Mr. Gagan was convicted of theft, criminal attempt to commit theft and criminal impersonation in the District Court for Arapahoe County, Colorado. With the assistance of appointed counsel, Mr. Gagan appealed his conviction to the Colorado Court of Appeals. The State of Colorado was represented by defendant Wendy Ritz, an Assistant Attorney General. On May 24, 1990, the Colorado Court of Appeals affirmed his conviction, and the Colorado Supreme Court denied review on November 11, 1990.

Dissatisfied with appellate counsel's failure to raise an issue relating to an alleged violation of his right to a speedy trial, Mr. Gagan filed a pro se action in federal court on January 7, 1991 seeking a writ of habeas corpus. In order to prepare for that action, he filed an ex parte pro se motion in state court requesting that certain transcripts be prepared at the government's expense. On March 22, 1991, the state court judge granted the motion for transcripts by simply en-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. The case is before us on the district court's order granting the defendants' motions to dismiss pursuant to Rule 12(b)(6). Therefore, we "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991); *see also Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir.1993). In addition, because the plaintiff is proceeding pro se, we must construe his pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

dorsing the motion itself. Mr. Gagan alleges that defendant Ritz thereafter allegedly ordered the court reporter not to prepare the transcripts, notwithstanding the state court judge's order to the contrary, because she believed his petition should be dismissed on procedural grounds.[2] The state court judge termed the defendant's conduct "outrageous" and ordered the Attorney General's office to cease and desist from ever similarly proceeding.

The transcripts at issue were ultimately prepared in July of 1992, and the district court thereafter dismissed Mr. Gagan's petition, a decision that we affirmed. *See Gagan v. Gunter,* (unpublished Order & Judgment), 21 F.3d 1121 (10th Cir. Mar. 31, 1994).

The gist of the plaintiff's complaint in this § 1983 case is that the defendants' actions in countermanding the state court judge's order to prepare the transcripts was essentially a violation of his "constitutional" right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).[3] The district court below relied upon our decisions in *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484 (10th Cir.1991), and *Snell v. Tunnell,* 920 F.2d 673 (10th Cir.1990), *cert. denied,* 499 U.S. 976, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991), which interpreted, *inter alia, Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and concluded that the defendants' actions as state prosecutors were covered under the protective umbrella of absolute immunity. *See* Order of Dismissal, Jan. 14, 1994 at 3.

## DISCUSSION

### I.

■ We review *de novo* a district court's conclusion on the question of absolute immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985), quoted in *Snell,* 920 F.2d at 675. Because the matter is before us on the district court's order granting a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), we accept the allegations of the complaint as true. *Doyle,* 998 F.2d at 1566.

■ State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities " '*intimately associated* with the judicial ... process,' " such as initiating and pursuing criminal prosecutions. *Pfeiffer,* 929 F.2d at 1489 (emphasis added) (quoting *Imbler,* 424 U.S. at 430–31, 96 S.Ct. at 995–96). Of course, " 'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.' " *DiCesare v. Stuart,* 12 F.3d 973, 977 (10th Cir.1993) (quoting *Buckley v. Fitzsimmons,* — U.S. —, —, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)). Indeed, we have repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute, immunity. *See Pfeiffer,* 929 F.2d at 1490 & n. 6 (citing *Rex v. Teeples,* 753 F.2d 840, 843–44 (10th Cir.), *cert. denied,* 474 U.S. 967, 106 S.Ct. 332, 88 L.Ed.2d 316 (1985)); *accord Snell,* 920 F.2d at 686; *Lavicky v. Burnett,* 758 F.2d 468, 476 (10th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 882, 88 L.Ed.2d 917 (1986).

In making the often "difficult distinction" between prosecutorial and non-prosecutorial activities (*i.e.,* absolute and qualified immunity), we have held " 'the determinative factor is "advocacy" because that is the prosecutor's main function.' " *Pfeiffer,* 929 F.2d at 1490 (quoting *Rex,* 753 F.2d at 843); *Spielman v. Hildebrand,* 873 F.2d 1377, 1382 (10th Cir. 1989). Finally, we have applied a continuum-based approach to these decisions, stating "the more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." *Pfeiffer,*

---

2. In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court adopted a "total exhaustion rule" for so-called "mixed" petitions—those containing both exhausted and unexhausted claims—for a writ of habeas corpus. *Id.* at 522, 102 S.Ct. at 1205. Because Mr. Gagan's speedy trial claim was unexhausted, it was arguably subject to dismissal under *Rose.*

3. The plaintiff's complaint alleges various other constitutional violations including due process, equal protection, and the First and Eighth Amendment. While we perceive the issue to be primarily one implicating the right of access, we express no opinion as to the other constitutional claims asserted, and we leave that for the district court to consider in the first instance.

929 F.2d at 1490 (citing *Snell,* 920 F.2d at 687).

■ Applying these principles to this case, we cannot agree with the district court that a prosecutor's actions in allegedly countermanding a state court judge's order directing a court reporter to prepare transcripts for use by an indigent pro se litigant in a civil action, constitutes the type of conduct protected by absolute immunity under *Imbler* and its progeny. While we are sensitive to the important public policies furthered by absolute immunity, *Snell,* 920 F.2d at 687, we also heed the Supreme Court's admonition that absolute immunity is the exception and not the rule. "We have been quite sparing in our recognition of absolute immunity, and have refused to extend it any further than its justification would warrant." *Burns v. Reed,* 500 U.S. 478, 485–86, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (internal quotation marks and citations omitted); *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982) (noting that "[f]or executive officers in general, ... qualified immunity represents the norm"); *Butz v. Economou,* 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978); *Spielman* 873 F.2d at 1382.

■ We find it difficult to see how a prosecutor's actions in contravening the authority of the judicial branch of state government in regard to the defense of a civil action constitute the kind of advocacy related to the initiation and prosecution of criminal proceedings, even under the most generous interpretation of that phrase, to which absolute immunity attaches. *See Spielman,* 873 F.2d at 1382 ("We must therefore determine whether the defendants' actions in this case constituted advocacy functions sufficiently related to initiating judicial proceedings to justify absolute immunity."). Stated alterna-

tively, the actions at issue in this case are simply too far removed on the continuum from the core prosecutorial functions of initiating and pursuing criminal prosecutions to be covered by absolute immunity. We therefore conclude that the Assistant Attorney General has failed to carry her burden, *see Burns,* 500 U.S. at 485–86, 111 S.Ct. at 1939, of demonstrating her entitlement to absolute immunity, and accordingly, we reverse the district court's order of dismissal in this regard.[4]

Due to the district court's disposition of this matter on the basis of absolute immunity, it had no occasion to consider defendant Ritz's alternative argument that qualified immunity was warranted. We therefore remand the case to the district court to decide the applicability, if any, of the defense of qualified immunity under these circumstances.

## II.

Mr. Gagan also appeals an issue relating to the district court's order denying his motion for leave to amend his complaint to name the court reporters as additional defendants. The district judge adopted the magistrate judge's recommendation, over Mr. Gagan's objection, to deny the motion to amend the complaint. While we express no opinion as to the propriety of this ruling, *as a matter of federal civil procedure,* we are troubled by the somewhat circular reasoning employed by the court below. In essence, the district court concluded that because the court reporters could avail themselves of qualified immunity under these circumstances, *see Antoine v. Byers & Anderson, Inc.,* —— U.S. ——, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993), their joinder would be futile and therefore the motion to amend should be denied.

---

**4.** While our conclusion on the absolute immunity issue would be the same with respect to the Attorney General herself, we believe the suit against her was properly dismissed, albeit for different reasons.

A supervisor may not be held liable in a § 1983 action under the theory of respondeat superior. *Monell v. Department of Social Serv.,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978). The plaintiff must establish some "affirmative link" between the deprivation and personal control by the supervisor in order to

establish the supervisor's liability. *Meade v. Grubbs,* 841 F.2d 1512, 1527 (10th Cir.1988) (citation omitted). Because we find nothing in the complaint that would support such a conclusion, we affirm the dismissal of the action against Attorney General Norton. *See Schepp v. Fremont County,* 900 F.2d 1448, 1454 (10th Cir.1990) (quoting *Griess v. Colorado,* 841 F.2d 1042, 1047 (10th Cir.1988) (finding affirmance proper on appeal on any ground where the record is adequate to permit the appellate court to determine the ultimate legal conclusion)).

Initially, we point out that the defense of qualified immunity, which the district court correctly noted would be the standard of immunity that would apply to a court reporter, is an affirmative defense that must be raised by the party alleging it. *See Gomez v. Toledo*, 446 U.S. 635, 640–41, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980); Fed. R.Civ.P. 8(c). In this case, however, before the court reporters can raise this defense, the propriety of joining them as defendants must first be determined as a matter of federal civil procedure. Therefore, we must reverse the district court's conclusion and remand for a determination as to the preliminary procedural question of whether Mr. Gagan's motion for leave to amend his complaint is warranted.

If the motion for leave to amend is granted, *see Stichting Mayflower Recreational Fonds v. Newpark Resources, Inc.*, 917 F.2d 1239, 1249 (10th Cir.1990); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir.1987), and the court reporter defendants do in fact assert the defense of qualified immunity, then we note the burden of showing that there was a violation of clearly established legal rights is shifted to the plaintiff. *See Applewhite v. United States Air Force*, 995 F.2d 997, 1000 (10th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1292, 127 L.Ed.2d 646 (1994); *Medina v. City & County of Denver*, 960 F.2d 1493, 1497 (10th Cir.1992); *cf. DeLancy v. Caldwell*, 741 F.2d 1246, 1247 (10th Cir.1984) (holding that due process protects against a court reporter's excessive delay in furnishing transcripts).

We therefore **REVERSE** the district court's order granting the defendants' motion to dismiss on the basis of absolute immunity, and **REMAND** this case to the district court for a determination as to the availability of qualified immunity. In addition, we **REVERSE** the district court's order denying the plaintiff's motion to amend his complaint to name additional defendants in so far as the basis for its ruling was a determination on the question of qualified immunity and not a matter of procedure, and **REMAND** the case for further proceedings consistent with this opinion.