41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rickke Leon GREEN, Plaintiff -Appellant,
v.
Eldon SIMPSON, and State Board of Examiners of Official
Shorthand Reporters, five unknown members,
Defendants-Appellees.
 No. 92-5208.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1994.
 
 Before MOORE, LOGAN, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rickke Leon Green appeals from the dismissal of his complaint under 28 U.S.C.1915(d). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Plaintiff sued defendants, all court reporters, under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that they violated his constitutional rights when Simpson refused to transcribe plaintiff's six-day civil rights trial, Green v. Johnson, No. 85-647-C (E.D. Okla.), and the State Board of Examiners refused to discipline Simpson. The district court, relying on Neitzke v. Williams, 490 U.S. 319 (1989), and Denton v. Hernandez, 112 S.Ct. 1728 (1992), dismissed the complaint without service as frivolous, and, relying on Antoine v. Byers & Anderson, Inc., 950 F.2d 1471 (9th Cir.1991), rev'd, 113 S.Ct. 2167 (1993), held that defendants were entitled to absolute immunity from suit in any event. We review a dismissal under 1915(d) for an abuse of discretion. Denton, 112 S.Ct. at 1734.
 
 
 4
 Since the district court entered its order, the Supreme Court has held that a court reporter is not entitled to absolute judicial immunity, but only to qualified immunity, see Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2169, 2172 (1993), an affirmative defense that must be pled, Gagan v. Norton, No.94-1132, 1994 WL 504168 at * 3 (10th Cir. Sept. 16, 1994)(to be reported at 35 F.3d 1473). Therefore, the district court's dismissal cannot be upheld based on defendants' immunity.
 
 
 5
 Nevertheless, we agree with the district court that plaintiff's claim is frivolous and wholly lacking in merit. The State Board of Examiners has no supervisory power over Simpson, a federal court reporter, as plaintiff asserts. See McPeters v. Sky's West Parachute Ctr., Inc. (In re Bjella), 806 F.2d 211, 215 (10th Cir.1986); 28 U.S.C. 753(a) and (c); Rule 28, Local Rules (N.D. Okla.); cf., Rules Creating and Controlling the State Board of Examiners of Official Shorthand Reporters, Okla. Stat. tit. 12, Ch. 15, App. 1-A, Rules 1-8 (indicating no supervisory power over federal court reporters); Okla. Stat. tit. 20, 1501-08 (same). Therefore, plaintiff fails to state an arguable claim of constitutional infringement against those five unnamed defendants under either Bivens or 42 U.S.C.1983. In addition, plaintiff fails to state an arguable claim under Bivens against Simpson for his alleged failure to provide a transcript, where alternative remedies were available to plaintiff, see, e.g., 28 U.S.C. 753(c); Fed. R.App. P. 11(b), and it is clear that plaintiff did not avail himself of them, see Green v. Johnson, 977 F.2d 1383, 1387 (10th Cir.1992)(appeal from No. 85-647-C (E.D. Okla.)).
 
 
 6
 Plaintiff's motions to supplement the record on appeal are denied. This court does not take evidence or make findings of fact.
 
 
 7
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470