Carol Ann **HUDDLESTON**, Plaintiff,

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY d/b/a Kemper National Insurance Companies, Defendant.**

Civil Action No. 95–2483–GTV.

United States District Court, D. Kansas.

Sept. 28, 1996.

---

William S. Robbins, Jr., Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for Carol Ann Huddleston.

Louis A. Huber, III, Bryan Cave, LLP, Kansas City, MO, Paul R. Garry, Robin I. Edelstein, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Lumbermens Mutual Casualty Company dba Kemper National Insurance Companies.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on defendant's motion (Doc. 6) for partial summary judgment as to Count I of plaintiff's complaint pursuant to Fed.R.Civ.P. 56, and its motion to dismiss Count II pursuant to Fed. R.Civ.P. 12(b)(6). Plaintiff has responded (Doc. 18), and opposes the motions. For the reasons set forth below, defendant's motion for partial summary judgment is granted and its motion to dismiss is denied.

In this employment discrimination action, plaintiff claims that defendant discriminated against her in the terms, conditions, and privileges of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In Count I of her complaint, plaintiff alleges that her supervisor's conduct towards her constituted sexual harassment. Plaintiff also makes a retaliation claim in Count II that defendant fired her after she reported the sexual harassment to defendant's Human Resource Department. Although not at issue in defendant's current motions, plaintiff claims in Count III that defendant wrongfully discharged her in retaliation for filing a workers' compensation claim.

## I. FACTUAL BACKGROUND

The court has reviewed plaintiff's complaint and accepts the following facts as true.[1]

Plaintiff is a female. Defendant employed plaintiff from December 1979 through March 1995. At the time of her discharge, plaintiff's job title was Collections Manager.

From September 1992 until her termination in March 1995, plaintiff's immediate supervisor was a female, Janet Muse. Dur-

---

1. Defendant utilizes only the allegations contained in plaintiff's complaint for its statement of uncontroverted facts in support of its motion for summary judgment on Count I of plaintiff's complaint. Plaintiff does not controvert defendant's facts. The court accepts those facts as uncontroverted for purposes of defendant's motion for summary judgment.

ing this time period, plaintiff considered several incidents of Muse's conduct to be inappropriate. On one occasion, Muse entered plaintiff's office with a portion of her blouse unbuttoned. As Muse leaned over plaintiff's desk, a portion of her breast·became exposed. Additionally, Muse occasionally would lean on plaintiff while visiting plaintiff in her office. Muse also invited plaintiff to engage in social activities outside the office. Finally, Muse cancelled her participation in a business trip she had planned to take with plaintiff after another co-worker decided to accompany them on the trip.

Following her refusal to participate in social activities with Muse outside the workplace, plaintiff began avoiding contact with Muse in the office. As a result, Muse's attitude towards plaintiff changed. Muse began to verbally harass plaintiff on the job and she treated plaintiff differently than the other employees under her supervision.

Plaintiff complained to defendant's Human Resource Department that Muse treated her differently than other similarly situated employees. Representatives of defendant's Human Resource Department failed to respond to plaintiff's complaint, and the differential treatment towards plaintiff continued.

On March 16, 1995, plaintiff began experiencing pain in her right wrist. She met with Tim Donovan, a representative of defendant's Human Resource Department, to complain about the pain in her wrist, to request an appointment with a physician that defendant retained, and to inquire into the procedures for filing a workers' compensation claim.

Later that same day, plaintiff had a second meeting with Donovan. Muse also was present at this meeting and she·criticized plaintiff for talking to Donovan about her wrist injury without first informing Muse of the injury. Plaintiff responded that she viewed Muse's criticism to be further retaliation for plaintiff having spurned Muse's sexual advances. At that point, Donovan asked Muse to leave the meeting. Donovan then asked plaintiff to explain the various incidents that she perceived to have been sexual harassment. Plaintiff related the incidents noted above.

The following day, Muse informed plaintiff that she was fired. Muse told plaintiff her termination resulted from her inability to communicate with Muse.

Following her discharge, plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission on August 3, 1995. Plaintiff received her right to sue letter from the EEOC on September 19, 1995. This action ensued on October 23, 1995. Defendant filed the current motion ·on December 20, 1995, and plaintiff responded on February 15, 1996.

## II. SUMMARY JUDGMENT ON COUNT I: SEXUAL HARASSMENT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party who opposes summary judgment. *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).

The defendant, as the moving party, has the initial burden to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the plaintiff to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Summary judgment is normally inappropriate if an individual's state of mind and intent are implicated. Nonetheless, summary judgment is applicable in Title VII cases in which the appropriate standards are

met. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985), cert. denied, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

In accordance with Fed.R.Civ.P. 56(f),[2] plaintiff submits the affidavit of her counsel and argues that summary judgment on Count I is inappropriate because defendant filed the current motion prior to the commencement of discovery. As a result, plaintiff contends that she has not had sufficient opportunity to discover the facts necessary to oppose defendant's motion for summary judgment. The court disagrees.

Pursuant to the court's scheduling order in this matter, the parties were to complete discovery by August 30, 1996. Consequently, the court considers discovery closed in this action. Subsequent to defendant filing its motion for partial summary judgment, plaintiff has had ample opportunity to conduct discovery in this matter. Notwithstanding this opportunity, plaintiff has not sought leave of court to supplement her response in opposition to defendant's request for summary judgment. If plaintiff had uncovered additional information during discovery that would aid her in opposing the current motion, it appears to the court that she is sitting on her hands by not providing that information to the court.

The court finds that plaintiff's proffered affidavit lacks merit. *See Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1554 (10th Cir.1993) (court must construe plaintiff's Rule 56(f) affidavit liberally unless it is dilatory or lacks merit); *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992). Plaintiff has had sufficient opportunity to conduct the discovery necessary to further substantiate her claims of sexual harassment. Thus, there is no need for the court to delay a determination of defendant's motion for partial summary judgment.

Defendant contends that it is entitled to summary judgment on Count I of plaintiff's complaint because Title VII does not proscribe sexual harassment between persons of the same sex. Defendant also argues that even if same-sex harassment is covered under Title VII, the conduct that plaintiff alleged in her complaint is insufficient to establish a claim of sexual harassment.

Neither the Tenth Circuit Court of Appeals nor this court has addressed the issue of whether Title VII prohibits same-sex harassment in the workplace. However, the court need not reach that issue in the instant action. Even if Title VII should be construed to prohibit same-sex harassment, defendant is entitled to summary judgment on Count I because plaintiff has failed to establish her *prima facie* case of harassment.

Plaintiff's sexual harassment claim is based on Title VII's prohibition that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his ... terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a)(1). The Supreme Court has held that "when a supervisor sexually harasses a subordinate because of a subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

The Tenth Circuit Court of Appeals has recognized two distinct categories of sexual harassment: *quid pro quo* harassment and hostile work environment harassment. *See Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1413 (10th Cir.1987). In her response to the current motions, plaintiff argues that she has stated a claim for both *quid pro quo* and hostile work environment harassment.

### A. Quid Pro Quo Harassment

*Quid pro quo* sexual harassment occurs when a supervisor either explicitly or implicitly compels an employee to submit to the supervisor's sexual advances as a condition of continued employment or an employ-

---

2. Fed.R.Civ.P. 56(f) provides:
   Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

ment benefit, or if the supervisor threatens any employment-related detriment. *Eichenwald v. Krigel's, Inc.,* 908 F.Supp. 1531, 1540 (D.Kan.1995); *Wilkerson v. P.I.A. Topeka, Inc.,* 900 F.Supp. 1418, 1426 (D.Kan.1995). To prevail, plaintiff must establish (1) that her supervisor had authority to materially alter the terms and conditions of plaintiff's employment; (2) that her supervisor demanded sexual favors; and (3) that plaintiff's rejection of her supervisor's sexual demands resulted in a job detriment. *Starrett v. Wadley,* 876 F.2d 808, 820 (10th Cir.1989).

■ The court finds that the record fails to support a suggestion that plaintiff's supervisor either explicitly or implicitly conditioned the terms or conditions of plaintiff's employment on the submission to sexual favors. Other than isolated incidents of inviting plaintiff to socialize outside the workplace and leaning on plaintiff in her office, there is no evidence that plaintiff's supervisor, Muse, demanded that plaintiff accede to granting sexual favors.

Additionally, plaintiff's claim that she suffered an employment-related detriment based on her refusal to socialize with Muse outside the workplace is without merit. Plaintiff alleges that Muse treated her differently than other employees under Muse's supervision. However, the uncontroverted facts circumstantiate that, whenever possible, plaintiff avoided contact with Muse. Plaintiff's uncommunicative attitude is the more likely culprit if Muse disparately treated plaintiff compared to other employees. Viewing the uncontroverted facts in a light most favorable to plaintiff, the court concludes that plaintiff has not established the existence of *quid pro quo* sexual harassment.

*B. Hostile Work Environment*

■ For plaintiff's hostile work environment claim to succeed, the sexual harassment that plaintiff alleges must be "sufficiently pervasive or severe 'to alter the conditions of [plaintiff's] employment.'" *Meritor,* 477 U.S. at 67, 106 S.Ct. at 2405 (quoting *Henson v. City of Dundee,* 682 F.2d 897, 904 (11th Cir.1982)); *see also, Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1418 (10th Cir.1993). For sexual harassment to be ac-

tionable, the workplace must be permeated "with 'discriminatory intimidation, ridicule, and insult....'" *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 19, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). An examination of the totality of the circumstances is required to determine whether the conduct of which plaintiff complains satisfies this standard. *Sauers v. Salt Lake County,* 1 F.3d 1122, 1126 (10th Cir.1993); *Hicks,* 833 F.2d at 1413.

In *Harris,* the Supreme Court articulated the relevant factors for the court to consider in determining whether a work environment is hostile or abusive within the meaning of Title VII. Specifically, the Court stated that the relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at ——, 114 S.Ct. at 371. In evaluating the relevant factors, the court must view the alleged conduct from both an objective and subjective viewpoint. *Id.* at 19, 114 S.Ct. at 370.

■ In this case, the objective part of the test is not met. The evidence, even if viewed in the light most favorable to plaintiff, does not establish that a reasonable person would have found plaintiff's work environment to be hostile or abusive.

To support her claim of hostile work environment, plaintiff has offered several incidents that occurred from September 1992 through March 1995, which could be characterized broadly as being sexual in nature. The first event of which plaintiff complains occurred when Muse's blouse was not fully buttoned and she partially exposed a portion of her breast in leaning over plaintiff's desk during a conversation. Other incidents that plaintiff points to include: Muse inviting plaintiff to socialize outside the workplace, Muse physically leaning on plaintiff while in plaintiff's office, and Muse cancelling her participation in a business trip with plaintiff after another employee decided to accompany them on the trip.

Of course, plaintiff is not alleging that any one of these incidents alone would constitute sexual harassment, but that Muse's conduct as a whole, over a period of time, created a hostile work environment. However, the Tenth Circuit has held that plaintiff must demonstrate more than a few isolated comments or incidents to reach the level of pervasiveness necessary to sustain a claim of hostile work environment. *See Bolden v. PRC Inc.*, 43 F.3d 545, 550 (10th Cir.1994) (court required more than a few incidents of racial animus to establish hostile work environment claim). Not only has plaintiff identified merely isolated examples of alleged sexual harassment, but those isolated incidents were spread out over a long period of time—almost two years. *See Schweitzer-Reschke v. Avnet, Inc.*, 874 F.Supp. 1187, 1193 (D.Kan.1995) (isolated incidents that occur with such frequency that it affects employee's work environment may be actionable).

In considering the totality of the circumstances, and accepting all of plaintiff's allegations in support of her hostile work environment claim as true, the court determines that Muse's conduct was not sufficiently pervasive or severe to alter the conditions of plaintiff's employment. Thus, the court concludes that defendant is entitled to summary judgment on plaintiff's claim of sexual harassment under Title VII.

### III. DISMISSAL OF COUNT II: RETALIATION

In ruling on a motion to dismiss, the court must assume the veracity of all well-pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) ("[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true"). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be construed liberally. *Id.; see* Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993); *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir.1973). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Under Fed.R.Civ.P. 12(b)(6), the court may not dismiss a cause of action for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989).

The court is limited in its analysis of defendant's motion to dismiss. The court may consider only the well-pleaded allegations contained within the four corners of plaintiff's complaint. *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1175, 130 L.Ed.2d 1128 (1995). Although plaintiff need not state precisely each element of the claim, she must plead minimal factual allegations on those material elements that must be proved. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977).

Plaintiff alleges that defendant discharged her on March 17, 1995, because she informed defendant's Human Resource Department about Muse's harassing conduct. Title VII prohibits an employer from discriminating against an employee based on that employee's opposition to any practice made unlawful under Title VII, i.e., asserting a charge of sexual harassment. 42 U.S.C. § 2000e–3(a). To establish her claim of retaliation, plaintiff must show that (1) she participated in protected opposition to discrimination; (2) she suffered an adverse employment action after participating in the protected activity; and (3) there is a causal connection between her participation in a protected activity and the adverse employment action. *Griffith v. State of Colo., Div.*

*of Youth Servs.*, 17 F.3d 1323, 1331 (10th Cir.1994); *Archuleta v. Colorado Dep't of Institutions*, 936 F.2d 483, 486 (10th Cir. 1991). In opposing sexual harassment, "plaintiff need prove only a reasonable good faith belief that there was discrimination." *Henry v. Gehl Corp.*, 867 F.Supp. 960, 967 (D.Kan.1994) (citing *Mitchell v. Visser*, 529 F.Supp. 1034, 1044 (D.Kan.1981)). An informal complaint to management qualifies as a protected activity. *Phelps v. Sears Roebuck and Co.*, No. 90–4133, 1993 WL 523202 at *1, *5 (10th Cir.1993).

In her complaint, plaintiff alleges that she first informed defendant's Human Resources Department of her claim that Muse sexually harassed her on March 16, 1995. The following day, Muse informed plaintiff that she was fired for being unable to communicate with her supervisor.

The court concludes that plaintiff has alleged sufficient facts to sustain her claim of retaliation. At this stage of the proceedings, plaintiff has satisfied the court that she engaged in a protected activity, that she was fired after participating in that protected activity, and that a causal connection exists between plaintiff's protected activities and her discharge. Although defendant may wish to revisit this issue in a motion for summary judgment, defendant is not entitled to dismissal of plaintiff's claim of retaliation under Title VII.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for partial summary judgment (Doc. 06) on Count I of plaintiff's complaint is granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. 06) Count II of plaintiff's complaint is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**