**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL D. VAN DEELEN,

Plaintiff-Appellant,

v.

ROBERT FAIRCHILD; ALLEN
ADRIAN; STEVEN SIX, District
Judges, Douglas County, Kansas;
SHERRY BERNHARDT,

Defendants-Appellees.

No. 05-3468
(D.C. No. 05-CV-2017-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Plaintiff Michael Van Deelen filed this pro se action against defendants

Robert Fairchild, Adrian Allen, and Steven Six, district judges in Douglas

County, Kansas, and Sherry Bernhardt, an administrative assistant to Judges

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Fairchild and Allen. Mr. Van Deelen brought a claim under 42 U.S.C. § 1983 as well as state-law claims for negligent supervision and defamation. The district court granted the defendants' motion to dismiss the federal-law claims and declined supplemental jurisdiction over the state-law claims. Mr. Van Deelen appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

BACKGROUND

In 1997 Mr. Van Deelen filed a federal lawsuit claiming that Paula Martin, a Douglas County district judge who is not a party to this action, violated his civil rights while presiding over a case in which he was a plaintiff. After the parties settled the federal lawsuit, Mr. Van Deelen became a party to other lawsuits in Douglas County. His primary contention here is that in retaliation for his lawsuit against Judge Martin and this lawsuit, the defendants have engaged in conduct in connection with those other Douglas County cases designed to deprive him of his constitutional rights.

Mr. Van Deelen makes the following allegations in his Amended and Supplemental Petition (the Amended Complaint), filed on June 15, 2005. First, Judge Fairchild cancelled a case-management conference in Case No. 02C680 without cause or explanation.

Second, Mr. Van Deelen was denied his constitutional rights through a series of actions taken in Case No. 04C566. Judge Jack Murphy, who is not a party, recused himself three months after the case was filed and one week before

a scheduled hearing on Mr. Van Deelen's motion for default judgment. Mr. Van Deelen was notified of the recusal only by telephone and was provided with no reason for it. After Judge Murphy recused himself, Judge Fairchild, who is the administrative judge for Douglas County, reassigned the case to Judge Six, who was newly appointed and not yet sworn in. After being informed that Judge Fairchild had said that there was no timetable for swearing in Judge Six, Mr. Van Deelen spoke with Judge Fairchild's assistant, Ms. Bernhardt, in person on January 10, 2005. She refused to give him any information about Judge Six and denied him access to the court administrator. During that conversation Judge Six happened to arrive for a meeting with Judge Fairchild. Mr. Van Deelen announced his intention to wait for Judge Six to leave and ask about his availability. Ms. Bernhardt informed him that unless he left she would call court security to arrest him or escort him from the property, and she refused to take a message for Judge Fairchild.

When Mr. Van Deelen called Ms. Bernhardt the next day, he was informed that Judges Fairchild and Six had determined not to give him any information regarding Judge Six's availability. Mr. Van Deelen then indicated that he was considering a civil-rights action against her and Judge Fairchild, and he asked Ms. Bernhardt to tell Judge Fairchild about it. The next day Judge Fairchild sent a letter to Mr. Van Deelen, saying: "Due to the conversation that took place today between you and my administrative assistant, all communication between

you and the court personnel in the Douglas County District Court should be in writing." R., Doc. 19, Ex. B.

Third, Mr. Van Deelen was denied his constitutional rights in Douglas County Case No. 05LM475. Shortly after Judge Six was sworn in on February 4, 2005, Mr. Van Deelen was named as a defendant in that case, which was assigned to Judge Six. Mr. Van Deelen filed an answer and counterclaim, but the clerk, at the direction of Judges Fairchild and Six, refused to serve the counterclaim. Judge Six then recused himself, and the case was reassigned to Judge Allen, who issued an order that the clerk "shall not issue summons [sic] at the request of Michael D. Van Deelen pending the further [order] of this court," *id.*, Doc. 19, Ex. D.

The Amended Complaint alleges that by delaying Mr. Van Deelen's lawsuits and impeding his access to the court, the defendants' conduct violated his constitutional rights of freedom of assembly, freedom of association, freedom of speech, due process, equal protection of the law, and equal access to the courts. Mr. Van Deelen also claims that Ms. Bernhardt defamed him by falsely telling Judge Fairchild that he had threatened the two of them with a civil-rights action and that Judge Fairchild was negligent in his supervision of Ms. Bernhardt. In his prayer for relief Mr. Van Deelen asks for $200,000 in compensatory damages, $500,000 in punitive damages, and declarations that the defendants' conduct

violated his constitutional rights and unlawfully retaliated against him for the exercise of those rights. He does not seek injunctive relief.

The defendants filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted. They also filed a motion to stay the case pending resolution of the motion to dismiss. After the court granted the motion to stay, Mr. Van Deelen moved to file a supplemental complaint. A magistrate judge denied the motion to supplement because of the stay order. Mr. Van Deelen did not file any objections to the magistrate judge's order. This motion is not part of the record on appeal. The district court then granted the defendants' motion to dismiss the § 1983 claim on Eleventh Amendment and judicial-immunity grounds, refused to consider Mr. Van Deelen's requests for declaratory relief, and declined supplemental jurisdiction over the state-law claims. This appeal followed.

DISCUSSION

We need not address the district court's ruling that the defendants are state actors entitled to Eleventh Amendment immunity to the extent that Mr. Van Deelen seeks damages against them in their official capacities. Even construing his pro se pleadings and other papers liberally, as we must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we are unable to find a challenge to this ruling on appeal. Accordingly, Mr. Van Deelen has waived this issue. *See State Farm Fire & Cas.*

*Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failure to raise an issue in an opening appellate brief results in waiver of that issue).

Judicial immunity requires more discussion. The district court ruled that the defendants are entitled to judicial immunity to the extent that Mr. Van Deelen seeks damages against them in their individual capacities. We review de novo the district court's dismissal on the ground of judicial immunity. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). The immunity applies to judicial acts, but not to "acts that simply happen to have been done by judges." *Forrester v. White*, 484 U.S. 219, 227 (1988). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Id.* at 356.

The alleged conduct by the defendant judges satisfies both factors. In each instance, Mr. Van Deelen was dealing with the judges in their judicial capacities. As for the specific actions, "scheduling a case for hearing is part of the routine procedure in any litigated matter." *Thompson v. Duke*, 882 F.2d 1180, 1184

-6-

(7th Cir. 1989). Thus, judicial immunity forecloses Mr. Van Deelen's claim based on Judge Fairchild's alleged failure to hold a hearing on the scheduled date. *See id.* at 1184-85. Similarly, the recusal by Judge Six was a customary judicial act and entitled to immunity, *see Barrett v. Harrington*, 130 F.3d 246, 258 (6th Cir. 1997) ("recusal is undoubtedly an act that concerns judicial decision-making"), as was Judge Fairchild's reassignment of one of Mr. Van Deelen's cases to Judge Six, *see Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985) ("the assignment of cases is . . . a judicial function in the sense that it directly concerns the case-deciding process"), *judgment vacated as moot*, 800 F.2d 230 (10th Cir. 1986). Immunity also extends to Judge Fairchild's letter admonishing Mr. Van Deelen to contact court personnel only in writing because it arose as part of a chain of events set in motion by the case reassignment and culminating in what Judge Fairchild apparently considered to be Mr. Van Deelen's threatening or inappropriate contact with Ms. Bernhardt. Efforts "to protect the integrity of the judicial decision-making process" are judicial acts. *Barrett*, 130 F.3d at 259 (letters written by judge to prosecuting authorities in response to litigant's threatening reaction to judicial actions are judicial acts). Finally, Judge Allen's order to the clerk of the Douglas County District Court not to issue summonses on behalf of Mr. Van Deelen until further order of the court undoubtedly is a judicial act. *See Forrester*, 484 U.S. at 227 (there is little

controversy in applying judicial immunity to the "paradigmatic judicial acts involved in resolving disputes between parties").

As for Ms. Bernhardt, "[i]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved," *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981).  This immunity includes actions by a judge's clerks, servants, and agents when assisting in the discharge of judicial duties. *See Wiggins v. N.M. State Sup. Ct. Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). Ms. Bernhardt's interactions with Mr. Van Deelen were as an official aide or agent of Judge Fairchild and in connection with the discharge of his judicial duty to assign cases.  Accordingly, she is entitled to derivative judicial immunity from claims for damages against her in her individual capacity.

Mr. Van Deelen argues that "[a] judge is not entitled to immunity when he retaliates against a litigant for engaging in protected conduct."  Aplt. Opening Br. at 21.  He relies for support on *Barrett*.  But the relevant aspect of that case concerned a judge's defamatory statements to the media, which were considered nonjudicial actions and thus not protected by judicial immunity.  *See* 130 F.3d at 260-61.  In contrast, a judicial act is protected even if it "was in error, was done maliciously, or was in excess of [the judge's] authority." *Stump*, 435 U.S. at 356.

Mr. Van Deelen also attempts to distinguish the case authority relied on by the district court. We need not respond, however, because we have relied on other cases.

Next, we address Mr. Van Deelen's claim for declaratory relief. Judicial immunity generally does not bar declaratory relief. *See Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1452 (10th Cir. 1990). Nevertheless, there may be other proper grounds for denying such relief. The district court exercised its discretion to refuse to consider Mr. Van Deelen's request for a declaratory judgment. See *Mhoon*, 31 F.3d at 982-83 (discussing discretionary power). Our review is for abuse of discretion. *See id.* at 983.

A district court should consider a number of factors when deciding whether to entertain a request for declaratory relief:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* (internal quotation marks omitted). The district court concluded that because Mr. Van Deelen seeks only retrospective declaratory relief, such relief would not affect the present or future legal relations of the parties. The court also explained its decision as based on a reluctance "to intrude into the basic operations of the

Douglas County Court," observing that a declaratory judgment would "undoubtedly risk creating friction between [the two courts] by scrutinizing basal day-to-day court operations," R., Doc. 41 at 13-14.

Although the declaratory relief sought by Mr. Van Deelen may not be purely retrospective, as there remains a possibility that Judge Fairchild's letter and Judge Allen's order may have some effect on Mr. Van Deelen's future ability to litigate in Douglas County District Court, we find no abuse of discretion in the district court's decision. Declaratory relief in this action would profoundly encroach on the power of the Douglas County District Court to control the litigation conduct of Mr. Van Deelen. Moreover, it appears that Mr. Van Deelen has effective, probably superior, remedies available, such as moving in state court for relief from any limitation he perceives in Judge Fairchild's letter or Judge Allen's order, appealing to the Kansas court of appeals, or seeking a writ of mandamus from the Kansas Supreme Court, *see Alpha Med. Clinic v. Anderson*, 128 P.3d 364, 375 (Kan. 2006) (recognizing mandamus as possible procedural mechanism to challenge an order of a district judge if it "threatens to deny a litigant a right or privilege that exists as a matter of law and there would be no remedy by appeal").

The district court also stated that its disposition would be unchanged even if it considered Mr. Van Deelen's tendered supplemental complaint, which is not part of the record but which, according to his appellate briefs, alleged that Judge

-10-

Allen had pronounced that hearings in cases in which Mr. Van Deelen is or might be a plaintiff would not be on the record.  We agree.  Accordingly, we need not address Mr. Van Deelen's argument that the district court erred in denying his motion to file a supplemental complaint.

Finally, Mr. Van Deelen has not challenged the district court's decision to decline supplemental jurisdiction over his state-law claims.  Therefore, we do not address that decision.

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Harris L Hartz
Circuit Judge