**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHERINE M. WINTERS,

Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF SOCIAL
AND REHABILITATION SERVICES;
DON JORDAN, Kansas Social
Rehabilitation Services Director;
CHRISTINA HERNANDEZ, KVC
Behavorial Healthcare case worker;
CAROLYN GODINEZ, Kansas Social
Rehabilitation Services Supervisor;
BRENDA FATZER, Kansas Social
Rehabilitation Services case worker;
CHRISTINA HICKS, Kansas Social
Rehabilitation Services supervisor;
ANGELA WEBB, Kansas Social
Rehabilitation Services supervisor;
STATE OF KANSAS, Respondent
Superior; VICKI BUENING, Aide for
Governor of Kansas; DON HYMER,
Johnson County Assistant District
Attorney; JOHNSON COUNTY,
KANSAS, Respondent Superior;
DENNIS STANCHIK; C.A.S.A.,
Respondent Superior; BETSY BAUTZ;
LOIS RICE, C.A.S.A. supervisor; KVC
BEHAVORIAL HEALTHCARE,
Respondent Superior; B. WAYNE
SIMS, KVC, President and CEO;
KYLE KESSLER, KVC,
Vice-President; BRENDA SOTO,
KVC, supervisor; MEGAN
EDMONDS, KVC, supervisor; LISA
CLAUDEL, KVC, supervisor;

No. 11-3046
(D.C. No. 2:10-CV-02181-JAR-DJW)
(D. Kan.)

KATHLEEN SLOAN, Judge, District
of Johnson County, Kansas,

            Defendants-Appellees,

and

DANIEL BARTELLI, KVC,
supervisor,

            Defendant.

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**EBEL**, Circuit Judge.

Katherine M. Winters filed this federal lawsuit under 42 U.S.C. § 1983,

alleging violations of an asserted right to the care and custody of her biological

grandchildren. She named as defendants the State of Kansas, the Kansas

Department of Social and Rehabilitation Services, social workers and their

supervisors, the state court judge who ruled on the Child in Need of Care (CINC)

matter relating to all three grandchildren and the adoption proceeding of her

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grandson C.W., a county prosecutor, a guardian ad litem, and court-appointed special advocates. Ms. Winters' requested remedies included declaratory and injunctive relief voiding state-court placement and adoption orders, plus compensatory damages of $67 million and punitive damages. The district court dismissed the action, and Ms. Winters appeals.

In its well-reasoned Memorandum and Order dated January 19, 2011, the district court granted defendants' motions to dismiss for numerous reasons. The court concluded that it lacked subject-matter jurisdiction over Ms. Winters' § 1983 claims based on the domestic relations exception to federal jurisdiction, *see Vaughan v. Smithson*, 883 F.2d 63, 64 (10th Cir. 1989); the *Rooker-Feldman* doctrine, *see Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007); and, alternatively, the *Younger* abstention doctrine, *see Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001). Further, various defendants were (1) immune from claims for damages under the Eleventh Amendment, *see Tarrant Regional Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); (2) entitled to absolute immunity, *see Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (judicial immunity); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (prosecutorial immunity); or (3) without notice as to the bases of the claims against them, *see Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009). Finally, the district court declined to exercise jurisdiction over Ms. Winters' state-law claims.

Dismissals for lack of subject-matter jurisdiction are reviewed de novo. *Id.* at 1097. We also review de novo the district court's particularized bases for dismissal of claims against certain defendants. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (Eleventh Amendment immunity); *Gagan,* 35 F.3d at 1475 (absolute immunity); *Smith*, 561 F.3d at 1098 (failure to state a claim upon which relief may be granted). We give Ms. Winters' pro se submissions a liberal construction. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

On appeal, Ms. Winters argues that the district court erred in its determinations on subject-matter jurisdiction, defendants' immunity, and the sufficiency of her complaint. Her fundamental argument is that the district court failed to give proper consideration to her claim of a constitutional right to the custody and care of C.W. Having carefully reviewed the record on appeal and the appellate briefs in the light of the governing law, we agree with the district court's analysis of Ms. Winters' claims. We therefore AFFIRM the judgment of the district court for substantially the same reasons given by the district court in its order of dismissal filed January 19, 2011.

Entered for the Court

David M. Ebel
Circuit Judge

-4-