66 F.3d 306
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gilberto ARVELO, Plaintiff, Appellant,
v.
AMERICAN INTERNATIONAL INSURANCE COMPANY, Defendant, Appellee.
 No. 95-1366.
 United States Court of Appeals, First Circuit.
 Sept. 21, 1995.
 
 Celso E. Lopez and Peter John Porrata for appellant.
 Lisa E. Bhatia Gautier with whom Pinto-Lugo & Rivera was on brief for appellee.
 Before Stahl, Circuit Judge, Campbell, Senior Circuit Judge, and Lynch, Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff Gilberto Arvelo brought suit against the American International Insurance Co. ("AIIC"), claiming that AIIC committed copyright and trademark infringement and engaged in unfair competition by using the designation "Retail Plus"--a label which the parties stipulate was conceived by Arvelo--as the title of one of its insurance policies, without Arvelo's permission. The district court granted summary judgment in favor of AIIC. Arvelo appealed, but only with respect to the disposition of his copyright claim. We affirm, largely on the basis of the district court's opinion. See Arvelo v. American Int'l Ins. Co., 875 F.Supp. 95, 95-101 (D.P.R.1995).
 
 
 2
 We add the following. It is undisputed that it was Arvelo who came up with the title "Retail Plus," that Arvelo presented the idea to AIIC as part of a proposal for an advertising campaign, that the proposal was rejected, and that AIIC nevertheless used "Retail Plus" as the title for one of its insurance policies without Arvelo's permission. It is also undisputed that the only alleged copyright infringement was AIIC's unauthorized use of the name "Retail Plus" as the title of one of its insurance policies. There is no contention that AIIC copied any other portion of Arvelo's advertising campaign, which itself was copyrighted by Arvelo. The dispositive issue, therefore, is whether the name "Retail Plus" standing alone is subject to federal copyright protection. The answer is clearly no.
 
 
 3
 It is a basic proposition of copyright law that mere words and short phrases, even if they occur in a copyrighted work, do not themselves enjoy protection against copying. See, e.g., Arica Institute, Inc. v. Palmer, 970 F.2d 1067, 1072-73 (2d Cir.1992) (single words and short phrases in copyrighted text not copyrightable); Magic Marketing, Inc. v. Mailing Servs. of Pittsburgh, Inc., 634 F.Supp. 769, 771-72 (W.D.Pa.1986) (noting that even "colorful descriptions, such as advertising slogans, are not accorded copyright protection"). The non-copyrightability of titles in particular has been authoritatively established. See generally 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright Sec. 2.16, at 185-86 (1995 ed.) ("It is ... clear, as a matter of statutory construction by the courts (as well as Copyright Office Regulations), that titles may not claim statutory copyright." (footnotes omitted)). The Copyright Office's own interpretive regulations explicitly embrace the rule of non-copyrightability for names and titles. See 37 C.F.R. Sec. 202.1(a) (1994) (listing as an example of non-copyrightable material: "Words and short phrases such as names, titles, and slogans....").
 
 
 4
 We reject Arvelo's contention that the rule against the copyrightability of titles does not apply here because "Retail Plus" was not the title of his copyrighted work (the advertising campaign). Whether or not "Retail Plus" was the title of his advertising proposal, it is clear that Arvelo conceived of that name as the proposed title of AIIC's insurance policy. In any event, the name "Retail Plus" standing alone, whether viewed as a title or not, is simply too insubstantial to qualify for federal copyright protection. Cf. Alberto-Culver Co. v. Andrea Dumon, Inc., 466 F.2d 705, 711 (7th Cir.1972) (Stevens, J.) (finding not subject to copyright protection the commercial tag-line "the most personal sort of deodorant," on ground that such text "is merely a 'short phrase or expression' which hardly qualifies as an 'appreciable amount of original text' " (footnote omitted)); Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., 266 F.2d 541, 544 (2d Cir.1959) ("Brand names, trade names, slogans, and other short phrases or expressions cannot be copyrighted, even if they are distinctively arranged or printed."). We add that Arvelo's assertion that he put a substantial amount of effort into devising the name "Retail Plus" is immaterial to the question of copyrightability. See Feist Publications, Inc. v. Rural Telephone Serv. Co., 499 U.S. 340, 354-61 (1991) (rejecting the notion that copyright protection can be obtained merely through the "sweat of the brow"). It follows that AIIC could not have committed copyright infringement by using the label "Retail Plus" as the title of one of its insurance policies.
 
 
 5
 Finally, we reject Arvelo's claim that the district court erred in denying his post-judgment motion to amend its opinion with respect to various factual particulars, as none of the proposed amendments has any material bearing on the merits of Arvelo's copyright claim.
 
 
 6
 Affirmed.